# BUCHANAN *v.* SCHULDERMAN, ET AL.

WILLS—PEPETUITY.—*Held,* construing the will of Delia Delschneider, (1) that the limitations to the children of the daughters of the testatrix, H. and L., were contingent remainders, dependent—*First,* on attaining to the age of majority; and, *second,* on surviving, or leaving issue surviving, the determination of the life estate; (2) that after the death of the tenant for life, the fees vested absolutely in such of the children as were of full age, subject to a temporary restraint on alienation; that children under age, took qualified fees, defeasible on the contingency of dying during minority; that the cross limitations over were executory devises that must take effect, if at all, within lives in being, and 21 years afterwards, and, therefore, not too remote.

APPEAL from Multnomah County.

*George H. Williams,* for appellant.

*E. D. Shattuck and Robert L. McKee,* for respondents.

By the Court, WALDO, J.:

The controversy in this case arises on the will of Delia Delschneider, who died in the city of Portland, in January, 1881, leaving a last will dated January 13, 1881, by which she made the following disposition of a large portion of her real estate: "I give and bequeath unto my said daughters, Hannah Schulderman and Luzetta Buchanan, in common, for the term of their natural lives, and after their death, or the death of either of them, the shares of the one dying, to her children in fee-simple, the children of each daughter to take one-half thereof, or in case of the death of either of said daughters, without issue, then the children of the other daughter to take all of the same, each an equal portion of the same, all of my real estate and lands, of every description, of which I shall die seized or possessed, except the two lots in Watson's addition, hereinbefore bequeathed to my said daughter, Hannah

Schulderman: provided always, that neither of said daughters shall have the power to sell or convey her or their interest in or to any of the property above enumerated, but only to lease the same for the period of time not extending the time beyond the life of the daughter leasing: and, provided also, that no one of any of the children, who shall take any of said property by virtue of this, my will, shall have the power to sell or convey his or their interest in or to said real estate, until after all of the children taking hereunto shall attain and arrive at the lawful age of majority; and if any of said children shall die during minority, then the brothers or sisters, by my said daughters, of the child or children so dying, shall take all of the said property in the same manner as though the child or children dying had never been born; and upon the death of all the children of either of my said daughters, after the death of their mother, the said property shall all be and become the property of the children of the other daughter in fee, in equal portions to said children;   *   *   *   and that all the children of both my said daughters who shall attain to the age of majority, and none others of said children shall be and become at such time as all living children of my said daughters shall attain to the age of majority, sole and absolute owners in fee-simple of said enumerated property;   *   *   * and to provide against the alienation of any and all of my said property by either and both of my said daughters, or by any of their children, until all of said living children shall attain to the full age of legal majority, and that all of my said lands may and shall be preserved in tact for my grand-children at the time when they shall all become of the age of majority."

The plaintiff contends that the will is void for perpetuity. The testatrix devises life estates to her two daughters,

H. and L. (General Laws Or. sec. 28, p. 790.) "After their death, or the death of either of them," she devises "the shares of the one dying to the children in fee-simple, the children of each daughter to take one-half thereof; or in the case of the death of either of said daughters without issue, then the children of the other daughter to take all of the same."` This part of the will, without going further, would give a vested remainder in fee to all the children of each of the daughters who should be living at the death of the testatrix, or should hereafter be born. (2 Jarm. Wills, [Bigelow's Ed.] 157.) But the testatrix goes on to provide that, if either of the daughters should die without issue, the estate so devised should go over to the children of the other. This language, uncontrolled, (*Sheet's estate*, 52 Pa. St. 263,) must be construed to import a definite failure of issue— that is, dying without lineal descendants surviving after the death of the tenant for life. (*Abbott* v. *Essex Co.*, 18 How., 202; *Groves* v. *Cox*, 40 N. J. Law, 44; 2 Jarm. Wills, p. 497, note 1.) Thus far we would have a devise running to the daughter for life, with a contingent remainder in fee to her children, dependant on the contingency that they or their issue should survive their parent, with an executory limitation over. But such contingent remainder, while it vests absolutely in such of the children as should be living and of full age when the life estate falls in, vests only a qualified fee in such as are under age at that period, to become enlarged into a fee-simple, or finally defeated on the contingency of dying before they reach majority. This qualification is annexed to the estate, irrespective of the possibility of leaving issue surviving. No provision is made for issue in this contingency. Hence, in order to take absolutely under the will, the children must, in any event, attain majority. If this age is reached during the continuance of the life estate,

they must also survive the determination of that estate, or leave issue surviving its determination.

The clause in the will relied upon by counsel for appellant to establish a perpetuity, that "upon the death of all the children of either of my said daughters, after the death of their mother, the said property shall all be and become the property of the children of the other daughter in fee," is intended to relate to death during minority. The testatrix had just provided that if "any" of said children should die during minority, the share of the child dying should go to the children surviving, and the clause just cited, which immediately follows, is designed, evidently, to provide for the contingency should "all" die during minority. The testatrix, certainly, did not intend that the children of that one of her daughters happening first in the course of nature all to die, should take a fee-simple absolute. On the contrary, subsequent clauses of the will show, unequivocally, that she intended that each child should take a fee-simple on reaching majority. These provisions for the children are somewhat restricted in their general terms by previous clauses in the will, as we have seen, and by the temporary restriction, or alienation, at the end of the will. It follows that the whole of the estate must vest absolutely within lives in being, and 21 years afterwards, as counsel for respondent have shown, and hence the executory devise over is not too remote.

Decree affirmed.